UNITED STATES DISTRICT COURT
EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD CROWELL

|  |  |
|---|---|
| Plaintiff, | Civil Action No. 15-14062 |
|  | Honorable Stephen J. Murphy, III |
| v. | Magistrate Judge Elizabeth A. Stafford |

KIM FARRIS, CORIZON
HEALTH, INC., and EUTRILLA
TAYLOR,

Defendants.
_____/

### REPORT AND RECOMMENDATION TO DENY DEFENDANTS' MOTIONS TO REVOKE *IN FORMA PAUPERIS* STATUS [R. 17, 18], AND *SUA SPONTE* DISMISSAL OF SOME CLAIMS

## I.     INTRODUCTION

Plaintiff Richard Crowell has filed a complaint against defendants

Grievance Counselor Eutrilla Taylor, Nurse Practitioner Kim Farris, and

Corizon Health, Inc., alleging continuing indifference to his medical needs

while incarcerated at the Macomb Correctional Facility in New Haven,

Michigan. [R. 1]. His application to proceed in this matter *in forma pauperis*

("IFP"), without prepaying fees, was granted. [R. 7]. Defendants now move

to have Crowell's IFP status revoked, due to the "three strikes" rule (28

U.S.C. § 1915(g)), and to require a deadline be set by which Crowell must

pay his filing fee in whole or have this case dismissed. [R. 17, 18].

For the reasons set forth below, the Court **RECOMMENDS** that defendants' motions [R. 17, 18] be **DENIED**. The Court also recommends the *sua sponte* dismissal of defendants Eutrilla Taylor and Corizon Health, Inc., pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

## II.   ANALYSIS

### A.

28 U.S.C. § 1915(g) dictates that, unless a prisoner is "under imminent danger of serious physical injury," he or she may not bring a case *in forma pauperis* if the prisoner has "on three or more prior occasions, while incarcerated or detained in a facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ."

Crowell does not dispute that he has had three prior cases dismissed on the grounds that they were frivolous, malicious, or failed to state a claim. *Crowell v. Snyder*, No. 2:14-CV-216, 2014 WL 6473733 (W.D. Mich. Nov. 19, 2014), *aff'd* (June 23, 2015); *Crowell v. Michigan*, No. 2:14-CV-198, 2014 WL 5105883 (W.D. Mich. Oct. 10, 2014), *aff'd* (May 21, 2015); *King v. Berghuis*, No. 1:10-CV-57, 2010 WL 565373 (W.D. Mich. Feb. 13, 2010). Based upon these dismissals, the "three strikes" rule was applied against

Crowell in *Crowell v. Berghading*, No. 2:15-cv-10, 2015 U.S. Dist. LEXIS 27490 (W.D. Mich. Mar. 6, 2015).[1] In additional to the dismissals cited in *Berghading*, claims in at least three other cases filed by Crowell were dismissed as frivolous, malicious, or failing to state a claim. *Crowell v. Parsons*, No. 2:14-CV-44, 2014 WL 4956603 (W.D. Mich. Oct. 1, 2014); *Crowell v. Groth*, No. 2:14-CV-151, 2014 WL 4313656 (W.D. Mich. Sept. 2, 2014), *appeal dismissed* (Dec. 15, 2014); *Crowell v. Parsons*, No. 2:14-CV-44, 2014 WL 5159408 (W.D. Mich. Oct. 14, 2014). As such, the only question remaining is whether Crowell has sufficiently alleged an imminent danger of serious physical injury.

"The imminent danger exception is essentially a pleading requirement subject to the ordinary principles of notice pleading." *Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir. 2011) (citing Fed. R. Civ. P. 8(a)(2) and *Ciarpaglini v. Saini,* 352 F.3d 328, 330–31 (7th Cir. 2003)). As Crowell is a *pro se* plaintiff, the Court must liberally construe his complaint. *Id.* (citing *Erickson v. Pardus,* 551 U.S. 89, 94 (2007)). Still, Crowell must allege a "real and proximate" danger of serious physical injury that exists at the time the complaint is filed. *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008) (citations omitted). The allegations must also not be "conclusory or

---

[1] This opinion can be found at R. 17-3.

3

ridiculous," and the danger must not have merely existed in the past. *Id.* (citations omitted). "[A] plaintiff who alleges a danger of serious harm due to a failure to treat a chronic illness or condition satisfies the imminent-danger exception . . . ." *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 587 (6th Cir. 2013).

In the instant matter, Crowell has alleged suffering from sleep apnea, delayed sleep syndrome, restless leg syndrome, spinal stenosis, degenerative disc disease, osteoarthritis, bone spurring, gastroesophageal reflux disease ("G.E.R.D."), irritable bowel syndrome ("I.B.S."), painful masses or tumors, edema, and pain in the heel of his left foot. [R. 1, PgID 5, 8]. As alleged, all of these conditions are painful and chronic. [*Id.*]. He also alleges that Nurse Practitioner Farris replaced his effective I.B.S. treatment with an ineffective treatment of cold cereal, and would only treat his spinal stenosis and heel pain with an accommodation allowing him to purchase his own gym shoes, which he cannot afford. [*Id.*, PgID 5]. He mentions no treatments for his other ailments. [R. 1].

Defendants claim that Crowell's complaints are "nothing more than disagreements with the treatment he is receiving." [R. 18, PgID 108]. But Crowell's complaint alleges a denial of medical treatment for many of his chronic ailments, which satisfies the imminent danger requirement.

*Vandiver,* 727 F.3d at 587. Notably, in a different case involving Crowell as a plaintiff, his nearly identical allegations were found to satisfy the imminent danger requirement in a Report and Recommendation from Magistrate Judge R. Steven Whalen. *Crowell v. Abdellatif*, 2:15-cv-10690, 2015 U.S. Dist. LEXIS 145400 (E.D. Mich. June 15, 2015) *rendered moot by Crowell v. Abdellatif*, 2015 U.S. Dist. LEXIS 145312 (E.D. Mich. Oct. 27, 2015).

For the above reasons, Crowell should be found to have satisfied the imminent danger exception to the three strikes rule as set forth in 28 U.S.C. § 1915(g), and his *in forma pauperis* status should not be revoked.

**B.**

Notwithstanding the recommended survival of Crowell's IFP status, the Court has an obligation under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to dismiss complaints *sua sponte* when they fail to state a claim, are frivolous, or seek monetary relief from immune defendants. *In re Prison Litig. Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997). In reviewing the complaint, the Court concludes that Crowell's claims against Grievance Coordinator Taylor and Corizon Health, Inc. should be dismissed for failure to state claims upon which relief may be granted.

Crowell's claims against Grievance Coordinator Taylor relate solely to her role in grievance procedures and for obstructing Crowell's exhaustion

5

efforts. [R. 1, PgID 5]. But "there is no inherent constitutional right to an effective prison grievance procedure," *Keenan v. Marker*, 23 F. App'x 405, 407 (6th Cir. 2001) (citing *Hewitt v. Helms*, 459 U.S. 460, 467 (1983)). Affirmative relief for an arbitrary grievance system is not available under § 1983. *Walker v. Michigan Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005).[2] Because Crowell's claims against Grievance Coordinator Taylor allege only a barrier to effective grievances, they fail to state a claim and should be dismissed *sua sponte* with prejudice.

Likewise, Crowell's claims against Corizon Health, Inc. should be dismissed for failing to state a claim. He claims that "Corizon is . . . completely responsible for actions/inactions of all treating personnel" and "responsible and liable for inactions of Kim Faris [*sic*]." [R. 1, PgID 5, 9]. Although, as a provider of medical services to MDOC inmates, Corizon may be sued under § 1983, *Ferguson v. Corizon*, No. 12-11702, 2013 WL 4758196, at *10 (E.D. Mich. Sept. 4, 2013) (citing *Hicks v. Frey,* 992 F.2d 1450, 1458 (6th Cir.1993)), Corizon may not be sued for injuries that were caused solely by its employees or agents. "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by

---

[2] Had defendants alleged that Crowell failed to exhaust his administrative remedies, Crowell could have argued that he was denied a proper grievance procedure. *Hawkins v. Norwood*, 2010 WL 3398793, at *10 (W.D. Mich. Aug. 25, 2010) (citing *Lewis v. Casey*, 518 U.S. 343 (1996).

those whose edicts or acts may fairly be said to represent official policy,

inflicts the injury that the government as an entity is responsible under §

1983." *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 694

(1978). Here, there is no allegation against Corizon other than what

amounts to a claim of *respondeat superior* liability, which is disallowed

under § 1983. *Id.* at 691. Thus, Crowell's claims against Corizon should be

dismissed *sua sponte* with prejudice.

## III.   CONCLUSION

For the preceding reasons, the Court **RECOMMENDS** that

defendants' motions [R. 17, 18] be **DENIED**. The Court also recommends

the *sua sponte* dismissal of defendants Eutrilla Taylor and Corizon Health,

Inc., pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: April 11, 2016

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this

Report and Recommendation, but must act within fourteen days of service

of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ.

P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any

further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  A copy of any objection must be served upon this Magistrate Judge.  E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF

8

System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 11, 2016.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager